REGINALD H. NAUGLE, APPELLANT, v. HERBERT C. McVOY, RESPONDENT.

Argued June 28, 1922—Decided November 20, 1922.

In an action to recover earnest money paid to bind a bargain for the purchase price of land the trial court directed a verdict for defendant, which was set aside by the Appellate Court upon the ground that defendant was to convey the land to plaintiff and his own testimony showed that he was not in position to perform in conformity with the agreement, because he never had title to the property and never was in position to make and deliver a warranty deed to the plaintiff, it appearing that title to the land was in a third person, who had agreed to convey the land to defendant's wife. Upon a second trial of the suit there was evidence that a deed was ready for delivery by the owner to plaintiff, on the day fixed for passing title, and that defendant and his wife were present at the place for delivery of the deed, and the wife testified that she was ready and willing to sign the necessary papers to convey the title. *Held*, that plaintiff was not entitled to a direction of a verdict, as the question of defendant's ability to perform was for the jury, in view of the testimony recited, which was relevant to the issue.

On appeal from the Union County Circuit Court.

For the appellant, *Earl A. Merrill.*

For the respondent, *Augustus C. Nash* and *Winfield S. Angleman.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This is an appeal from a judgment resulting from a retrial of a case in the Union Circuit Court. On the first trial the judge directed a verdict for defendant. This court set that aside and awarded a *venire de novo.* On the second trial the defendant had judgment on a verdict of the jury in his favor.

The plaintiff sued to recover $400 earnest money paid to bind a bargain for the purchase of land which defendant

agreed to convey to him, the balance of the purchase price to be settled upon passing title. This court, in its opinion, said (96 N. J. L. 516): "As the defendant only was to convey, and as his own testimony showed that he was not in a position to perform his undertaking in conformity with the agreement, he cannot defeat the plaintiff's right to recover back his earnest money upon the theory that the plaintiff was obliged to make an unavailing tender. * * * The controlling, undisputed fact in this case is that McVoy never had title to the property and never was in a position at any time to make and deliver a warranty deed, as set out in the agreement, to the plaintiff."

Plaintiff moved for summary judgment after the cause was remitted, but this was not permissible in the face of an award of a *venire de novo* by this court, and was properly denied.

Appellant's counsel asserts that the conditions recited in this court's opinion remain unchanged. This is a misconception. On the last trial (the one under review) the defendant testified that he was prepared to give a deed to plaintiff on the day last fixed for passing title. The deed was prepared and in existence. Mr. Nash, defendant's attorney, says that defendant was in his office, the meeting place, as was also Bauman, who was to make title to McVoy. Bauman had a deed ready for delivery. Plaintiff's appearance with cash would have secured it. Nash testified:

"*Q.* Title was prepared that day to give to Naugle, in conformance with his contract with McVoy?

"*A.* It was; yes, sir."

This was neither objected to nor cross-examined on. Mrs. McVoy, defendant's wife, testified:

"*Q.* Do you remember this Naugle transaction, October, 1920?

"*A.* I do.

"*Q.* On the 1st day of October were you ready and willing to sign any and all papers necessary to properly convey the title?

"*A.* I was.

"*Q*. To Mr. Naugle?

"*A*. I was."

There was no cross-examination.

The plaintiff did not testify or call witnesses, but offered the testimony given by the defendant on the first trial. This was competent, but not conclusive. And the jury had a right to accept the defendant's proofs in this case, which absolved him.

It is objected that testimony of transactions between defendant and Bauman were incompetent. Not so, they related to defendant's ability to perform, and were, consequently, relevant. Counsel asserts that the judge misconceived the case and made erroneous comments in his charge, but, as no exception to the charge was taken, this matter is not to be noticed. See Joseph M. Byrne Co. *v.* Snead & Co., No. 102 of the present term of this court, and cases therein cited.

It is claimed that the plaintiff was entitled to the direction of a verdict, which was asked and refused, and exception taken. This is untenable in view of the testimony for defendant on this trial, some of which has been recited above. And this also disposes of the last objection, that there is no evidence to support the verdict. There is, and where there is evidence to support the finding of fact in the court below this court on review will not disturb that finding. Pennsylvania Railroad Co. *v.* State Board of Taxes and Assessment, No. 45 of the present term of this court.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 14.

*For reversal*—None.