MARY E. McVOY, respondent,

*v.*

KARL BAUMANN and RUTH C. NAUGLE et al., appellants.

[Decided December 4th, 1923.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Buchanan, who filed the following reason:

"This is an application by the complainant for a writ of assistance in aid of a decree made in this court in this cause, filed February 25th, 1922, by the terms of which decree the defendant Cooley was directed to make a conveyance to the complainant of the property in conformity with the contract made by Cooley's grantor. The decree awarded specific performance of the contract against Cooley as a subsequent grantee with notice, and it was affirmed by the court of errors and appeals. *Remittitur* was filed July 24th, 1922.

"Complainant now asks the aid of this court in enforcing that decree by an order of possession, followed by writ of assistance, if necessary, against the present respondents, the Naugles. She shows by her affidavits that she has performed the provisions of the decree which were by her to be performed; that the defendant Cooley never executed or delivered a deed in performance of the provisions of the decree; that she, complainant, has recorded a copy of the decree, under the statute; that the Naugles are in possession of the premises and refuse to surrender them to her.

"The Naugles come in to resist the application, and they contend that they have title to the premises, and that since there is a claim of title, this court cannot determine it but must leave it to a court of law and that the order of possession and writ of assistance must therefore be denied.

"I am unable to agree. It is of course not enough for respondents merely to *say* they claim title—they must show that there is a real claim or dispute of title—that there is some reason why this court should not complete the relief awarded by its decree. This they fail to do. They attempt so to do by showing in their answering affidavits that they are in possession under a deed to themselves executed by the defendant Cooley, on or about September 30th, 1922, and they attempt to argue some sort of a waiver or estoppel against complainant because complainant did not record the copy of the chancery decree until May or June of this year, 1923—or because the present application was not made earlier.

"The present respondents were not defendants in the main suit; they were not in possession or claiming any interest when the bill was filed. They claim, as I have said, under deed from defendant Cooley subsequent to final decree. They are bound by knowledge of that decree—both under the *lis pendens,* which was filed, and by the actual knowledge which they admittedly had of the litigation while it was pending. This, they of course do not attempt to deny. When they took their deed from Cooley therefore they took subject to complainant's right—they took from Cooley a deed for premises which because of the final decree was to all intents and purposes the property of complainant, not Cooley, as respondents well knew. Indeed, it seems to me that their act in taking this deed from Cooley amounts to participation in a contempt of this court—for Cooley's act in conveying to the Naugles in the face of a decree that he convey to complainant would seem to constitute a contempt. There can be no dispute—and, indeed, respondents have not attempted to argue otherwise—that even if respondents acquired the technical legal title by their deed, they did not on the facts so far stated acquire anything else. They did not acquire the equitable title, which still remains in complainant, unless she has lost it by reason of some other acts or circumstances.

"Respondents say that she has—by waiver or estoppel from the delay in attempting to enforce the decree and delay in her own compliance with the decree. This delay is the only thing which the answering affidavits set up to prove waiver or estoppel—nothing but lapse of time alone.

"As to waiver, intent (while it may be presumed in a proper case) is a necessary element. Decree of affirmance in the court of errors and appeals was entered June 19th, 1922, and complainant caused *remittitur* to be filed on July 24th, 1922, as the record shows. This disproves any intent of waiver up to that time. Respondents took their deed about two months later—September 30th, 1922. This mere lapse of two months time is utterly insufficient, without more, to prove a waiver by complainant of her rights under the decree, for which she had fought so persistently both in this court and in the court of errors and appeals. But that is all the respondents show, that this two months time had elapsed and that complainant had not recorded the decree nor paid the balance of purchase price into court as required of her by the decree.

"As a matter of fact under the strict wording of the decree, complainant was not required to pay the balance of purchase price, until defendant Cooley made the conveyance, delivered possession and accounted for the interim rents and profits.

"On the question of estoppel the case is even more barren. Respondents in their affidavit do not even say that they believed complainant had waived her rights under the decree—much less that they took the deed and possession because of and in reliance on such a belief. They show no inquiry made by them of complainant or any one else—nor any attempt at any such inquiry.

"It is perfectly obvious, from the disingenuous character of respondents answering affidavit, and some of the things said by their solicitor, that the original defednants are the real parties in interest, and are seeking by indirection to avoid the decree against them. It is perhaps worthy of note that the record shows proceedings by complainant nearly six

months ago attempting to reach these original defendants on contempt proceedings, to enforce the decree. These attempts were unavailing because of the non-residence of the defendants.

"Now, assuming that by reason of their deed, respondents have the bare legal title, it seems clear that on the facts before me, in a proper proceeding in this court, respondents would be decreed to convey that title to complainants. Respondents have no title in equity.

"This application involves no question of title which respondents are entitled to have tried out at law. The rights of the parties would have to be determined in this court, either by a bill by complainant against the respondents to compel a conveyance of the legal title—or if respondents should commence some action at law such as trespass, it would have to be removed into this court either by bill to restrain the action at law or by a transfer under the transfer of causes statute and practice.

"But this application is not to determine title. It is to determine *possession* only; to put complainant into possession by way of effectuating the decree heretofore made. Respondents claim under the original defendant; they stand in his shoes; he would have had no defense to this motion, and they show nothing by way of defense peculiar to themselves as distinguished from him.

"I can see no reason why the application should be denied. If complainant is to be required to file a bill against respondents in order to get what has already been decreed to them— then the same thing might happen after decree in that suit, and so on without end—and this court would have to confess itself unable to accord adequate relief to complainants in these circumstances as long as successive defendants could be found to flout and contemn its decrees.

"Complainant may have an order for possession, with costs, and upon default of surrender of possession, a writ of assistance will be awarded."

*Mr. Earl A. Merrill,* for the complainant.

*Mr. Augustus C. Nash,* for the defendants.

PER CURIAM.

The order appeal from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Buchanan.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, CLARK—12.

*For reversal*—None.