The present hearing is on the main bill, hearing and determination as to the cross-bill of Bertha Baumann having heretofore been had. Naugle v. Baumann, 2 N.J. Adv. R. 1172.
Complainant, as vendee, sues the McVoys, as vendors, for the reformation of a contract to sell and convey certain real estate in Union county, and for the specific enforcement of the contract as so reformed. Bertha Baumann is made a party defendant because her claim of interest in the premises under recorded mortgage, being the mortgage which was the subject of the suit Baumann v.Naugle, in which opinion is filed contemporaneously herewith.
In the view which, I think, must necessarily be taken of this case under the evidence, it is unnecessary to consider the question of reformation, nor any of several other issues raised by complainant's brief. Assuming that complainant had a valid contract with Mr. McVoy, the present owner of the premises, for the conveyance of the entire premises, and would have been entitled to decree for specific performance except by reason of complainant's subsequent acts and conduct, the subsequent acts and conduct of complainant have been such as to disentitle him to specific performance.
The contract was made in July or August, 1920, and under the evidence complainant and his wife went into possession almost immediately, and remained in possession until the order for possession was issued against them in January, 1924. McVoy v.Baumann, 95 N.J. Eq. 335. During the first eighteen months or so of this time the litigation of the McVoys against Baumann, for specific performance of Baumann's contract to convey was in progress. McVoy v. Baumann, 93 N.J. Eq. 360; Ibid. 638. On October 1st, 1920, the date for consummation of the McVoy-Naugle contract, and also the date for the consummation of the Baumann-McVoy contract, complainant defaulted in completing the sale, and while time was not of the essence, as a matter of fact that default, as appears from the evidence, resulted in all the voluminous litigation that has since been had among the several parties. *Page 120 
On November 18th, 1920, complainant, finding that McVoy could not give title because of the pending suit against Baumann, notified McVoy that he wanted back his down payment of $400. On Baumann's refusal to give it back to him, he commenced suit at law November 30th, 1920. This suit resulted, first, in a directed verdict against complainant, which was set aside in the court of errors and appeals (Naugle v. McVoy, 96 N.J. Law 515), and on the second trial a judgment of no cause of action was entered and affirmed. Naugle v. McVoy, 119 Atl. Rep. 100.
An examination of the appeal record in that case shows that the finding of fact on which the judgment was based must have been that McVoy was ready, able and willing, on October 1st, 1920 (the date named in the contract for consummation), to deliver conveyance to Naugle, but that Naugle was not present to receive conveyance and was not ready with the purchase price, and that he had not subsequently made tender of the purchase price and demand for his deed. McVoy not being bound to perform until such tender was made, had not yet breached the contract.
Now, it appears by the evidence in the present case that theremittitur on the decree of affirmance in the original McVoy
v. Baumann suit was not filed until July 24th, 1922, the affirming opinion was filed by the court of errors and appeals in June, 1922, and it is argued by complainant that during the period from about October 15th, 1920 (when Baumann refused to convey to McVoy), until the affirmance of the decree for specific performance in June or July, 1922, McVoy was unable to convey to complainant herein, and hence tender by him would have been useless and is thereby excused; and that since during that period McVoy was unable to convey to complainant, complainant's bringing of the suit at law against McVoy for the return of the down payment was not an election of remedies, because he had no choice or election between remedies, the remedy of specific performance being unavailable to him.
In view of the determination in White v. Smith,60 Atl. Rep. 399, the contention that McVoy was unable to convey during the pendency of the appeal, would seem, at least, *Page 121 
doubtful (although Naugle's ultimate title under such conveyance would be entirely uncertain, it must be conceded), and in any event would seem clear that if Naugle had desired specific performance during that time, he could have filed his bill in that behalf, and if entitled to decree, provided the decree against Baumann in McVoy's favor was affirmed, such decree could have been entered in Naugle's favor immediately upon the affirmance of the McVoy v. Baumann decree. It would seem, therefore, that Naugle did make an election in favor of his remedy at law as against his possible or contingent remedy in equity.
But conceding, for the sake of argument, the correctness of Naugle's contention in this behalf, it is evident that it was open to him in June or July, 1922, to offer his money to McVoy and obtain or seek to obtain conveyance, and if such conveyance was refused, to have filed bill for specific performance, abandoning his suit at law for the return of his money, in which his appeal was then pending and undetermined. This he did not do. The determination of that appeal was made known by opinion filed November 20th, 1922, so that Naugle clearly persisted in a choice and determination to rescind his contract and to procure the return of his money, rather than to perform his contract and obtain conveyance of the property, for some five months. Indeed, this attitude of mind evidently continued for a year longer, for it was not until December 22d 1923, that he demanded conveyance from McVoy, and on refusal filed his present bill.
The reason for this choice or attitude of mind on his part is evident, when it is noted that his wife had taken, in August, 1922, a deed of conveyance for the premises from Cooley (the man to whom the Baumanns had conveyed after refusing to convey to McVoy — see McVoy v. Baumann, 93 N.J. Eq. 360), obviously, in the belief that the McVoys had lost their right to the property. See McVoy v. Baumann, 95 N.J. Eq. 335; In re Cooley, Ibid.485.
Both Mr. and Mrs. Naugle were respondents to the proceedings on petition for order for possession (McVoy v. Baumann, 95 N.J. Eq. 335), and in defense of those proceedings *Page 122 
set up the Cooley deed to Mrs. Naugle, but did not set up the McVoy-Naugle contract now sued on. Having failed to set it up there, it would seem that under the principle of res adjudicata
it cannot now be set up here.
In any event, I am clear that, under well-settled principles, specific performance should not now be decreed; that the right thereto, if it existed, has been lost by complainant's election to treat the contract as rescinded and to recover his down payment by waiver and abandonment, and by failure to bring suit with the reasonable promptitude required by courts of equity in such cases.
In view of this result, it might seem proper that the decree provide for the repayment by McVoy to Naugle of the $400. Friel
v. Turk, 95 N.J. Eq. 425; 2 N.J. Adv. R. 250. It is not clear from the evidence, however, that Naugle is entitled to this. It appears that the Naugles were in possession of the property for over three years, and paid no rent to McVoy therefor, although there is evidence that they paid taxes, repairs and other upkeep expenses. If complainant desires, there may be an order of reference to a master to determine the fair rental for the property, the payments made by the Naugles, which have enured to the benefit of the McVoys, and to state an account between them to determine how much, if any, of the $400 should be repaid to McVoy.